Nathan Riordan
WENOKUR RIORDAN PLLC
600 Stewart Street, Suite 1300
Seattle, WA 98101
Direct Dial: (206) 903-0401

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF WASHINGTON AT YAKIMA**

| | |
|---|---|
| In Re: | No. 17-02440 |
| 47 HOPS LLC | DEBTOR'S PLAN OF REORGANIZATION |
| Debtor. | |

COMES NOW the Debtor herein, 47 HOPS LLC ("Debtor"), through its undersigned attorney, and proposes the following Plan of Reorganization dated January 12, 2018, pursuant to Section 1121 of Title 11 of the United States Bankruptcy Code:

**ARTICLE 1**
**Definitions**

As used in the Plan the following terms shall have the respective meanings specified below:

**Administrative Creditor:** Any person entitled to payment of an administrative expense.

**Administrative Expense:** Any cost or expense of administration of the Chapter 11 case allowed under § 503(b) of the Code, including, without limitation, any indebtedness or obligation incurred or assumed by the Debtor, in connection with the conduct of their business in the ordinary course, or for the acquisition or lease of property or for the obtaining of services by the Debtor, all allowances of compensation or reimbursement of expenses to the extent allowed by the Court under the Code, and any fees or charges assessed against the estate of the Debtor.

**Allowed Claim:** Any claim against the Debtor as of the Petition Date, proof of which was filed on or before the date designated by the Court as the last date for filing proofs of claim or, if no proof of claim is filed, which has been or hereafter is listed by the Debtor as liquidated

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

in amount and not disputed or contingent and, in either case, a claim as to which no objection to the allowance thereof has been interposed within the applicable period of limitation fixed by the Plan, the Code, the Rules or the Court, or as to which any objection has been interposed and/or such claim has been allowed in whole or in part by an order or judgment of the Court that is no longer subject to appeal or certiorari proceeding and as to which no appeal or certiorari proceeding is pending.

**Avoidance Actions**: Any and all Claims and causes of action of the Debtor arising under the Bankruptcy Code, including, without limitation, §§ 544, 545, 547, 548, 549, and 550.

**Bankruptcy Code**: The Bankruptcy Reform Act of 1978 as amended, Title 11, United States Code, including the amendments of the Bankruptcy Consumer Protection Act of 2005.

**Bankruptcy Court:** The United States Bankruptcy Court for the Eastern District of Washington, at Yakima, having jurisdiction over this Chapter 11 Case pursuant to a reference made pursuant to 28 U.S.C. § 157 by the United States District court to the Eastern District of Washington.

**Bankruptcy Rules:** The Federal Rules of Bankruptcy Procedure, and as applicable, the Local Rules of Bankruptcy Procedure of the Bankruptcy Court as amended, as applicable to the Chapter 11 Case.

**Cash:** Cash, cash equivalents, and other readily marketable securities or instruments including, without limitation, readily marketable direct obligations of the United States of America, certificates of deposit issued by banks and commercial paper of any entity, including interest earned or accrued thereon.

**Causes of Action:** Any and all claims, rights of action, suits and proceedings, whether in law or in equity, whether known or unknown, which the Debtor may hold against any entity, including, without limitation, any causes of action brought prior to the Petition Date, and including actions against any persons for breach of performance, whether the remedy is monetary or for specific performance, related to the Debtor's tangible and intangible interests in real property. This definition does not include any and all causes of action which may exist under §§ 510, 542, 544 through 550, and 553 of the Bankruptcy Code.

**Chapter 11 Case:** The case commenced by Debtor on August 11, 2017, under Chapter 11 of the Code, and pending in the Bankruptcy Court as case number 17-02440.

**Claim:** Any right to payment from the Debtor whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or any right to an equitable remedy for breach of performance if such breach gives rise to a right of payment from the Debtor, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

17-02440-FLK11    Doc 267    Filed 01/12/18    Entered 01/12/18 12:57:42    Pg 2 of 21

**Class 1 Creditor:** A Creditor with a Claim classified in Class 1.

**Class 2 Creditor:** A Creditor with a Claim classified in Class 2.

**Class 3 Creditor:** A Creditor with a Claim classified in Class 3.

**Class 4 Creditor:** A Creditor with a Claim classified in Class 4.

**Class 5 Creditor:** A Creditor with a Claim classified in Class 5.

**Class 6 Creditor:** A Creditor with a Claim classified in Class 6.

**Confirmation or Confirmation Date:** The date upon which the Bankruptcy Court shall sign the order confirming the Plan or as it may be amended.

**Confirmation Order:** An order of the court confirming the Plan in accordance with the provision of Chapter 11 of the Code which is not then subject to a pending motion to clarify, vacate, rehear, modify, or amend.

**Creditor:** Any person that has a Claim against the Debtor that arose on or before the Petition Date.

**Debtor or Debtor-in-Possession:** 47 Hops LLC.

**Deficiency Claim:** The amount of the Allowed Claim minus the value of the claimant's pro-rated share of its interest in pre- and/or post-petition collateral.

**Disbursing Agent:** The party designated by the Debtor to serve as disbursing agent under this Plan of Reorganization. Initially, this will be 47 Hops LLC.

**Disputed Claim:** A Claim that is listed on the Debtor's Schedules as disputed, contingent, or unliquidated, any Claim as to which the Debtor or any party in interest has interposed an objection in accordance with the Plan, the Bankruptcy Code or the Bankruptcy Rules, or a Claim that is listed on any of the Debtor's Schedules as other than disputed contingent, or unliquidated, but as to which an objection has been filed by the Debtor or any other party in interest prior to the Effective Date, and such objection has not been determined by an order or judgment that is no longer subject to appeal or certiorari proceeding or as to which to appeal or certiorari proceeding is pending.

**Effective Date:** The Effective Date shall be the eleventh (11th) day following entry of the Confirmation Order on the docket of the Bankruptcy Court, provided that said Confirmation Order is not subject to reconsideration or stay pending appeal.

**Entity:** This term shall have the meaning set forth in § 101(15) of the Bankruptcy Code.

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

17-02440-FLK11    Doc 267    Filed 01/12/18    Entered 01/12/18 12:57:42    Pg 3 of 21

**Impaired:** When used with reference to a Claim, impaired has the meaning of § 1124 of the Bankruptcy Code.

**Insider:** This term shall have the meaning set forth in §101(31) of the Bankruptcy Code.

**Loan Balance:** The Allowed Secured Claim of a creditor after reduction for principal and interest paid thereon as of the date of calculation.

**Petition Date:** August 11, 2017, the date on which the Debtor filed a voluntary petition for relief commencing the Chapter 11 case.

**Plan:** This Plan of Reorganization either in its present form or as it may be altered, amended, or modified from time to time.

**Priority Tax Claim:** A Claim that is entitled to priority of payment under § 507(a)(8) of the Code.

**Reorganized Debtor:** The Debtor, or any successor thereto by merger, consolidation or otherwise, on and after the Effective Date.

**Unsecured Claim:** Any Claim other than an Administrative Expense, a Priority Tax Claim, priority non-tax claim, secured claim, or claim relating to equity interests in the Debtor.

**Unsecured Creditor:** Any Creditor holding an Unsecured Claim.

**Unsecured Deficiency Claim:** The unsecured portion, as defined by 11 U.S.C. § 506, of any secured creditor's claim.

## ARTICLE 2
### Treatment of Administrative Claim and Priority Tax Claims

**2.1    Full Payment:**    Except for those Administrative Expenses incurred in the ordinary course of the Debtor's business which shall be paid in full pursuant to their terms and not under this Plan, each allowed Administrative Expense shall be paid in full by the Reorganized Debtors on the Effective Date or, if required, as soon thereafter as such Administrative Expense is allowed by the Court, or under such other time frame as may be agreed upon between the Reorganized Debtors and the Administrative Creditor.

**2.2    Contested Administrative Expense:** Administrative Expenses that are contested shall be treated pursuant to Article 12 of the Plan. Administrative Expenses incurred prior to the Confirmation Date will not be allowed unless such Claims are filed with the Court within 30 days of the Effective Date.

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

17-02440-FLK11    Doc 267    Filed 01/12/18    Entered 01/12/18 12:57:42    Pg 4 of 21

**2.3** <u>Treatment of Priority Tax Claims:</u> Allowed Priority Tax Claims, if any, will be paid in full either: (a) in equal cash payments made on the last Business Day of every three-month period following the Effective Date, over a period not exceeding five (5) years after the Petition Date, with interest calculated at the rate available on ninety (90) day United States Treasury securities; or (b) by the Disbursing Agent according to claim's priority when Plan Distributions are made. Interest on priority tax claims of the Internal Revenue Service shall accrue at the rate set forth in 26 U.S.C. §6621. Furthermore, in the event of default in payments, the Internal Revenue Service may utilize its usual and customary collection procedures. Notwithstanding the foregoing, in the event that Priority Tax Claims are less than $1,000, the Debtor may make a one-time payment on the Effective Date in the full amount of the Priority Tax Claim.

**2.4** <u>Contested Priority Tax Claim:</u> Priority Tax Claims that are contested shall be treated pursuant to Article 12 of the Plan.

**ARTICLE 3**
**<u>Classification of Claims</u>**

Claims are classified as follows:

<u>Class 1</u>:       Allowed Secured Claim of Columbia State Bank

<u>Class 2</u>:       Allowed Secured Claim of Banner Bank

<u>Class 3</u>:       Allowed Unsecured Claim of Stone Brewing

<u>Class 4</u>:       Allowed Guaranty Claim of Columbia State Bank

<u>Class 5</u>:       Allowed General Unsecured Claims

<u>Class 6</u>:       Equity Holders

**ARTICLE 4**
**(Class 1)**
**<u>Provision for the Treatment of Allowed Secured Claim of Columbia State Bank</u>**

Promissory Note Secured by All Inventory and Accounts; all accessions, additions, replacements, and substitutions relating to any of the foregoing; all records of any kind relating to any of the foregoing; all proceeds relating to any of the foregoing (including insurance, general intangibles and other accounts proceeds, as well as the "Additional Lien" on (a) the Debtors' contracts with brewers for the sale of hops, (b) the Debtor's pellet mill and line, and (c) the promissory note owed by Doug MacKinnon to the Debtor (the "Additional Collateral"). The Additional Lien shall secure only the amount of the diminution in the value of the Bank's collateral, if any, as

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

compared to the value as of the Petition Date that occurs as a result of the Debtor's use of cash collateral.

**4.1** **Treatment:** The Class 1 Claim shall be paid as set forth herein. The Class 1 Creditor's Allowed Secured Claim shall be $4,500,000, plus per diem interest, less any payments received by the Class 1 Creditor prior to the date of the confirmation hearing.

The existing security interest shall continue to secure repayment of the Allowed Secured Claim. No modification in the terms and conditions of the equipment lease by and among the Class 1 Creditor and the Debtor, or other security documents, other than the amendment to the payment terms and amount outstanding herein provided, shall occur by virtue of the Plan, except to the extent a term or condition is inconsistent with the terms of the Plan, in which case the Plan terms shall govern. There shall be no prepayment penalty.

**4.1.1** **New Principal:** The principal balance shall be the amount of the Allowed Secured Claim (calculated as of the Effective Date).

**4.1.2** **New Interest Rate:** The interest rate shall be set at 5.25% or such rate of interest as the Court shall find satisfies the requirement of 11 U.S.C § 1129(b)(2)(A).

**4.1.3** **New Amortization:** The Allowed Secured Claim shall be paid with interest, compounded monthly for sixty (60) months from the Effective Date. The Debtor will make monthly interest-only payments on or before the 15th of each month. In addition, the Debtor will make 10 payments of $450,000 in June and November of 2018, 2019, 2020, 2021 and 2022, on or before the 15th of the month. Payments will commence on the first day of the first full calendar month following the Effective Date.

**4.1.4** **New Maturity:** The balance of any unpaid principal and interest shall be due in full on the 60-month anniversary of the Effective Date.

**4.1.5** **Items Inconsistent:** Where provisions in the note or other documents defining or securing the Class 1 Claim: (1) create a default on account of net worth or other financial ratios, bankruptcy, or insolvency; (2) are inconsistent with the terms of the Plan; or (3) prohibit subordinate liens on the property, such provisions shall not remain in effect.

**4.1.6** **Automatic Stay:** To the extent that the automatic stay has been lifted prior to the Effective Date, on the Effective Date all defaults shall be deemed cured.

**4.2** **Impairment:** Class 1 is impaired under the Plan.

**ARTICLE 5**
**(Class 2)**
**Provision for the Treatment of Allowed Secured Claim of Banner Bank**

Promissory Note Secured by 2007 Freightliner Box Truck

DEBTOR'S PLAN OF REORGANIZATION

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

**5.1** **Treatment:** The Class 2 Claim shall be paid as set forth herein. The Class 2 Creditor's Allowed Secured Claim shall be $9,768.57, plus per diem interest, less any payments received by the Class 2 Creditor prior to the date of the confirmation hearing.

The Class 2 Creditor shall be required to file a verified statement with the Bankruptcy Court setting forth the current balance due under its promissory note. The verified statement must be filed not later than the hearing on Confirmation of the Plan. If no verified statement is filed, then the Allowed Secured Claim shall be the amount set forth in the preceding paragraph, plus per diem interest, less any payments received by the Class 2 Creditor prior to the date of the confirmation hearing.

The existing security interest shall continue to secure repayment of the Allowed Secured Claim. No modification in the terms and conditions of the security agreement or other security documents, other than the amendment to the promissory note herein provided, shall occur by virtue of the Plan except to the extent a term or condition is inconsistent with the terms of the Plan, in which case the Plan terms shall govern. There shall be no prepayment penalty. The amendment to the note provides as follows:

**5.1.1** **New Principal:** The principal balance shall be the amount of the Allowed Secured Claim (calculated as of the Effective Date).

**5.1.2** **New Interest Rate:** The interest rate shall be set at 4.2% or such rate of interest as the Court shall find satisfies the requirement of 11 U.S.C § 1129(b)(2)(A).

**5.1.3** **New Amortization:** The Allowed Secured Claim shall be paid with interest, compounded monthly, in fifteen (15) equal monthly payments, as of January 12, 2018, with payment made each month, thereby decreasing the remaining number of payments as of the Effective Date. Payments will commence on the first day of the first full calendar month following the Effective Date and shall be paid on the first day of each month thereafter until paid in full.

**5.1.4** **New Maturity:** The balance of any unpaid principal and interest shall be due in full on the 60-month anniversary of the Effective Date.

**5.1.5** **Items Inconsistent:** Where provisions in the note or other documents defining or securing the Class 2 Claim: (1) create a default on account of net worth or other financial ratios, bankruptcy, or insolvency; (2) are inconsistent with the terms of the Plan; or (3) prohibit subordinate liens on the property, such provisions shall not remain in effect.

**5.1.6** **Automatic Stay:** To the extent that the automatic stay has been lifted prior to the Effective Date, on the Effective Date all defaults shall be deemed cured.

**5.2** **Impairment:** Class 2 is impaired under the Plan.

**ARTICLE 6**

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

**(Class 3)**
**<u>Provision for the Treatment of Allowed Unsecured Claim of Stone Brewing</u>**

Claim for Hops Not Delivered Pre-Petition

      **6.1**    **<u>Treatment</u>:** The Class 3 Claim shall be paid as set forth herein. The Class 3 Claimant shall be given a credit for the amount of $338,828.88 against future purchase of 2017 crop year hops.

      **6.2**    **<u>Impairment</u>:** Class 3 is impaired under the Plan.

**ARTICLE 7**
**(Class 4)**
**<u>Provision for the Treatment of Allowed Guaranty Claim of Columbia State Bank</u>**

Secured by Real Property Owned by MacKinnon Holdings, LLC

      **7.1**    **<u>Treatment</u>:** The Class 4 Claimant will not receive any distribution unless the principal obligor of the underlying debt has defaulted. Any Class 4 Claimant shall be required to provide written notice to the Debtor of any default by the principal obligor on the underlying debt. The Debtor shall not be required to make payments pursuant to any unsecured guaranty unless and until the underlying creditor has exhausted all remedies against the underlying obligor, including, but not limited to, the foreclosure of any security interest. The Class 4 Claimant shall provide further notice of the disposition of any collateral, and the amount of any remaining deficiency claim, which claim shall then be entitled to treatment under Class 5, but only with respect to distributions made after the Class 4 Creditor has established a deficiency claim.

      **7.2**    **<u>Impairment</u>:** Class 4 is impaired under the Plan.

**ARTICLE 8**
**(Class 5)**
**<u>Treatment of General Allowed Unsecured Claims</u>**

      **8.1**    **<u>Treatment</u>:** The Class 5 Creditors shall receive $110,000 per year paid in two payments of $55,000 in June and November of 2018, 2019, 2020, 2021 and 2022. In addition, the Debtor will pay unsecured creditors the amount by which 15 cents per pound of hops sold in a year exceeds $150,000. Current projections are based on the sale of approximately 700,000 pounds of hops per year, so additional sales will yield additional cash flow. The amount paid for pounds of hops will be capped at the amount by which 15 cents per pound of hops sold in a year equals $250,000.

      **8.2**    **<u>Impairment</u>:** Class 5 is impaired under the Plan.

**ARTICLE 9**

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

**(Class 6)**
**Treatment of Equity Holders**

**9.1** **Treatment:** The Class 6 Equity Holders shall retain their equity in exchange for a payment of $75,000 to the Debtor within thirty (30) days after the Effective Date. Further, the Class 6 Equity Holders shall resolve any and all obligations owed to the Debtor by transferring their ownership of MacKinnon Holdings, LLC to the Debtor within ten (10) business days after the Effective Date.

**9.2** **Impairment:** Class 6 is impaired under the Plan.

**ARTICLE 10**
**Means for Implementing the Plan**

The implementation of, and the distributions required under, this Plan shall be accomplished through the Debtor's normal business operations.

**ARTICLE 11**
**Executory Contracts and Unexpired Leases**

**11.1** **Assumption and Rejection:** On the Effective Date, the Debtor will assume the executory contracts and unexpired leases identified on **Exhibit A** attached to the Plan ("Plan Exhibit A"). The Debtor may amend Plan Exhibit A until commencement of the hearing on confirmation of the Plan. Any executory contracts and unexpired leases not identified on Plan Exhibit A, as may be amended, shall be rejected, unless otherwise assumed by separate motion. The Debtor will give prompt notice to any party whose treatment is changed pursuant to this provision.

**11.2** **Procedure for Cure:** No later than ten (10) days prior to the Confirmation Date, all parties to executory contracts and unexpired leases identified on Plan Exhibit A shall file and serve on the Debtor a "Statement of Cure," which shall set forth in detail all amount necessary to: (i) cure any default or breach (except those types of defaults specified in Bankruptcy Code § 365(b)(2)) as of the Confirmation Date, and (ii) compensate the party for any actual pecuniary loss resulting from any defaults as of the Confirmation Date. The party filing the Statement of Cure shall be bound by the amounts claimed therein and may not amend the Statement of Cure after the deadline. Any party to a contract identified on Plan Exhibit A not timely filing a Statement of Cure shall be deemed to have waived any claim against the Debtor for any amounts necessary to either cure any default or compensate the party for any actual pecuniary loss resulting from any defaults as of the Confirmation Date which exceed the amounts shown on Debtor's books.

Executory contracts assumed by prior order of the Bankruptcy Court, if any, are not included on Plan Exhibit A.

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

**11.3** **Payment of Cure:** The Debtor will pay all cure amounts in equal payments amortized over six (6) months from the Effective Date. If the cure amounts exceed what the Debtor anticipated would be the cure amounts, then the Debtor may elect to reject such unexpired lease or executory contract, notwithstanding its inclusion on Plan Exhibit A.

**11.4** **Rejection Claims:** Claims, if any, arising from the rejection of an executory contract or unexpired lease must be filed within twenty (20) days after the Effective Date.

### ARTICLE 12
### Procedure for Resolving Contested Claims

**12.1** **Objections to Claims:** Objections to Claims and Administrative Expenses shall be made and served upon each holder of such Claims to which objections are made and filed with the Court within sixty (60) days of the Effective Date; provided, however, that the deadline may be extended upon *ex parte* motion to the Court.

**12.2** **Prosecution of Objections to Claims:** The objecting party shall litigate to judgment, settle, or withdraw objections to contested Claims and Administrative Expenses. No distribution shall be made to any Creditor or holder of an Administrative Expense while an objection to the Claim or Administrative Expense shall be reserved and retained by the Reorganized Debtor, and the remaining distributions to the class which includes the contested Claim or Administrative Expenses shall be reduced by the amount of the contested Claim or Administrative Expense. Creditors and holders of Administrative Expenses, whose Claims and Administrative Expenses become Allowed Claims or allowed Administrative Expenses, shall receive the reserved distributions as soon as practical after they become allowed.

**12.3** **Late Filed Claims:** Unless otherwise ordered by the Bankruptcy Court upon motion and notice, any proof of Claim filed after the Confirmation Date shall be automatically disallowed as a late filed Claim without further action by the Reorganized Debtor unless the Creditor obtains an order of the Court authorizing and allowing the late filed claim.

**12.4** **Disputed Claims:** Notwithstanding any other provisions of the Plan, no payments or distributions shall be made on account of any disputed Claim until such Claim becomes an Allowed Claim, and then only to the extent it becomes an Allowed Claim. The Debtor shall reverse and retain distributions that would otherwise be paid to the Claimant or holder of an Administrative Expense prior to the allowance of a Claim or Administrative Expense. Creditors and holders of Administrative Expenses whose Claims and Administrative Expenses become Allowed Claims or allowed Administrative Expenses shall receive the reserved distributions immediately after their Claim or Administrative Expenses becomes an Allowed Claim or allowed Administrative Expense.

### ARTICLE 13
### Miscellaneous Provisions

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

**13.1     Termination of the Plan:** The Plan shall terminate and otherwise cease to be of any force or effect upon satisfaction of all of the Plan's terms and upon completion of all distributions required under the Plan.

**13.2     Modification of Plan:** The Debtor may propose amendments or modifications to the Plan at any time prior to Confirmation. After Confirmation, the Reorganized Debtor may, with leave of court and so long as it does not materially or adversely affect the interest of Creditors or other parties in interest, remedy any defect or omission or reconcile any inconsistency in the Plan or in the Confirmation Order in such manner as may be necessary to carry out the purposes, intent, and effect of the Plan.

**13.3     Automatic Stay:** The automatic stay provided by 11 U.S.C. § 362 shall be reinstated upon Confirmation as to all parties and shall remain in full force and effect to the extent necessary to aid in the implementation of the terms of the Plan until the Plan has been fully consummated.

**13.4     Undeliverable Distributions:** Any distribution returned to the Debtor as undeliverable shall be held for six (6) months. Debtor shall make reasonable efforts to locate the holder of an Allowed Claim entitled to such distribution. After six (6) months, if no holder of an Allowed Claim asserts a claim for the undeliverable distribution, it shall become property of the Debtor's bankruptcy estate and no further distributions shall be made to the Claimant.

**13.5     Post-confirmation Obligations for Reporting and Fees.** The Reorganized Debtor shall be responsible for timely payment of fees incurred pursuant to 28 USC § 1930(a)(6) until the case is closed, converted, or dismissed. The Reorganized Debtor shall serve on the United States Trustee a monthly disbursement report for each month, or portion thereof, that the case remains open. The post-confirmation monthly disbursement report shall include a statement of all disbursements made during the course of the month, whether or not pursuant to the Plan. In addition, the Reorganized Debtor shall timely file all quarterly post-confirmation disbursement reports required by LBR 3021-1.

## ARTICLE 14
## Retention of Jurisdiction

The Court shall retain jurisdiction of this Chapter 11 case pursuant to the provisions of the Code, until and subject to further order of the Court; specifically, the Court shall retain jurisdiction to hear or determine the following matters:

**14.1     To** enable the Debtor to consummate any and all proceedings which may be brought prior to or subsequent to the Confirmation Order.

**14.2     To** consider actions to avoid, set aside, or otherwise determine the extent, validity, and priority of liens or encumbrances.

**14.3     To** consider objections to Claims or the allowance thereof.

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

**14.4** To consider actions for the recovery of assets (including but not limited to accounts) or damages as entitled under the applicable provisions of the Code or other federal, state, or local law, including but not limited to actions based on any *ultra vires* pre-petition acts of the Debtor.

**14.5** To prosecute to resolution all related contested matters or adversary proceedings pending on the Confirmation Date or filed in the Court thereafter.

**14.6** To issue injunctions or take such other actions or make such other orders as may become necessary or appropriate to restrain interference with the Plan or its execution or implementation; to take any action to enforce and execute the Plan, the Confirmation Order, or any other order of the Court; and to issue such orders as may be necessary for the implementation, execution, performance, and consummation of the Plan.

**14.7** To determine all matters that may be pending before the Court on or before the Effective Date.

**14.8** To classify, allow, or disallow Claims and the direct distribution of funds under the Plan, and to adjudicate all controversies concerning the classification, treatment, or allowance of any Claim.

**14.9** To enforce performance of the Plan.

**14.10** To hear and determine all Claims arising from the rejection of executory contracts and unexpired leases and to consummate the rejection and termination thereof.

**14.11** To liquidate damages in connection with any disputed, contingent, or unliquidated Claims.

**14.12** To recover all assets and properties of the estate wherever located.

**14.13** To hear and determine matters concerning state, local, and federal taxes.

**14.14** To determine any and all applications for allowance of pre-confirmation compensation and expense reimbursement of professionals or other Administrative Expense claimants.

**14.15** To resolve any dispute related to the implementation, execution, consummation, or interpretation of the Plan or Confirmation Order and the making of distributions under this Plan.

**14.16** To resolve any dispute related to the scope of duties or powers, including those related to compensation or retention of employees or professionals of the Debtor.

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

**14.17** To determine all applications, motions, adversary proceedings, contested matters, actions, and any other litigation instituted in this case by or on behalf of the Debtor.

**14.18** To hear actions required to protect the property of the Debtor from adverse Claims or interference inconsistent with this Plan, including actions to quiet or otherwise clear title to such property based upon the terms and provisions of this Plan.

**14.19** To hear and determine such other matters and make such orders as are necessary and appropriate to carry out the provisions of the Plan. The powers of this Court shall be broadly and liberally construed.

**ARTICLE 15**
**Events of Default**

In the event the Debtor defaults under the provisions of the Plan as confirmed, any Creditor holding an Allowed Claim and desiring to assert such a default shall provide all parties listed in Article 16 with written notice of the alleged default. The Debtor shall have thirty (30) days from receipt of the written notice in which to cure the default. Such notice shall be delivered by United States mail to the parties at the addresses set forth in Article 16. If a default is not cured, such Creditor providing notice may thereafter pursue such applicable legal remedies as may be appropriate.

**ARTICLE 16**
**Notices**

| | |
|---|---|
| Wenokur Riordan PLLC<br>Attn: Nathan Riordan<br>600 Stewart Street, Suite 1300<br>Seattle, WA 98101<br>*Counsel for Debtor* | 47 Hops LLC<br>P.O. Box 10747<br>Yakima, WA 98909 |

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

WHEREFORE the Debtor prays for confirmation of the Plan pursuant to 11 U.S.C. § 1129 and for such other and further relief as is just, proper and equitable.

Dated January 12, 2018.

Respectfully submitted,

47 HOPS LLC

By: */s/ Douglas MacKinnon*
    Douglas MacKinnon, Member

Dated January 12, 2018.

WENOKUR RIORDAN PLLC

By: */s/ Nathan Riordan*
    Nathan Riordan, WSBA #33926
    Attorney for the Plan Proponent

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

**PLAN EXHIBIT A**

**EXECUTORY CONTRACTS AND UNEXPIRED LEASES TO BE ASSUMED**

**Leases:**

1.  Lease Agreement between MacKinnon Holdings and 47 Hops LLC for the warehouse located at 2301 Oak Avenue, Yakima, WA 98903.

2.  Lease Agreement between Marina D. Guryanova and 47 Hops LLC for the premises at 2516 South 23rd Avenue, Yakima, WA 98903.

**Hop Sales Contracts:**

| Customer | Crop Years | Contract No. |
| --- | --- | --- |
| 8th Wonder Brewery | 2014-2018 | 47-1418-377 |
| Able Seedhouse and Brewery | 2015-2017 | 47-1517-853 |
| Alvarado Street Brewery | 2014-2018 | 47-1418-552 |
| Alvarado Street Brewery | 2015-2020 | 47-1418-599 |
| Angry Erik Brewing | 2016-2018 | 47-1618-767 |
| Appalachian Mountain Brewery, LLC | 2013-2017 | 47-1317-268 |
| Arizona Wilderness Brewing | 2015-2017 | 47-1517-563 |
| Assawoman Bay Brewing Co. | 2015-2018 | 47-1418-375R |
| Bad Jimmy's Brewing Co. | 2013-2017 | 47-1317-272 |
| Baere Brewing Co. | 2016-2020 | 47-1620-916 |
| Ballad Brewing LLC | 2016-2018 | 47-1618-799 |
| Barley Forge Brewing Company | 2015-2018 | 47-1517-546R |
| Bearded Iris Brewing Company | 2015-2017 | 47-1517-633 |
| Bearded Iris Brewing Company | 2015-2017 | 47-1517-686 |
| Bent River Brewing Co. | 2016-2018 | 47-1618-862 |
| Berkley Beer Company | 2015-2018 | 47-1518-750 |
| Berkshire Brewing Co. | 2015-2019 | 47-1519-594 |
| Big Rack Brew Haus | 2016-2018 | 47-1618-883 |
| Big Timber Brewing | 2013-2017 | 47-1317-286 |
| Big Timber Brewing | 2014-2018 | 47-1418-398 |
| Bitter Brothers Brewing Co. | 2016-2017 | 47-1617-819 |
| Black Sands Brewing Co. | 2014-2018 | 47-1418-359 |
| Bog Iron Brewing Company | 2017-2020 | 47-1720-845 |

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

| | | |
|---|---|---|
| Bowigens Beer Company | 2014-2018 | 47-1418-414 |
| Branchline Brewing Co. | 2015-2017 | 47-1517-601 |
| Branchline Brewing Co. | 2015-2017 | 47-1517-748 |
| Brasserie Dunham | 2014-2020 | 47-1420-836 |
| Brew Culture Inc. | 2016-2017 | 47-1617-308R |
| Bright Ideas Brewing | 2015-2017 | 47-1517-791 |
| Broad Street Brewing | 2013-2017 | 47-1317-331 |
| Buffalo Bayou Brewing Co. | 2015-2017 | 47-1517-547 |
| Canton Brew Works, LLC | 2013-2017 | 47-1317-328 |
| Canton Brew Works, LLC | 2014-2018 | 47-1418-329 |
| Catskill Brewing Co. | 2017 | 47-17-861 |
| Central Standard Brewing | 2016-2018 | 47-1618-731 |
| Cerebral Brewing | 2017-2021 | 47-1721-826 |
| Cerveceria Encino | 2013-2017 | 47-1317-297R |
| Cerveceria Mamut | 2015-2017 | 47-1517-558 |
| Chapman Crafted Beer Company | 2013-2017 | 47-1317-271R-2 |
| Chattahoochee Brewing Company | 2015-2019 | 47-1416-560 |
| Chestnut Brew Works, LLC | 2014-2018 | 47-1418-402 |
| Chestnut Brew Works, LLC | 2016-2018 | 47-1418-792 |
| Clipper City Brewing | 2014-2018 | 47-1418-394 |
| Clipper City Brewing | 2015-2019 | 47-1519-395 |
| Community Beer Company | 2015-2019 | 47-1416-466R |
| Comrade Brewing Company | 2015-2017 | 47-1517-589 |
| Coronado Brewing Co. | 2015-2017 | 47-1517-816 |
| Cottrell Brewing Co. | 2014-2017 | 47-1416-544 |
| Council Brewing Company | 2015-2020 | 47-1518-848 |
| Crime & Punishment Brewing Co. | 2015-2017 | 47-1517-644 |
| Crucible Brewing | 2015-2017 | 47-1517-580R |
| D9 Brewing Co. | 2013-2017 | 47-1317-345 |
| D9 Brewing Co. | 2013-2017 | 47-1317-364 |
| Dark Sky Brewing Company | 2014-2017 | 47-1517-525 |
| Dark City Brewing Company | 2017-2018 | 47-1718-1006 |
| DeBine Brewing Co. | 2017-2018 | 47-1718-868 |
| Deep Water Brewing Co. | 2013-2017 | 47-1317-292 |
| Disegna Group Di Lunardon Domenico | 2016-2017 | 47-17-1037 |

WENOKUR RIORDAN PLLC
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

17-02440-FLK11    Doc 267    Filed 01/12/18    Entered 01/12/18 12:57:42    Pg 16 of 21

| | | |
|---|---|---|
| Door County Brewing | 2017-2019 | 47-17-811 |
| Door County Brewing | 2016-2018 | 47-1618-811 |
| DT Brewing Co. | 2014-2018 | 47-1418-378 |
| Due South Brewing Co. | 2015-2017 | 47-1517-513R |
| Eagle Rock Brewery | 2016-2017 | 47-1617-407R2 |
| Emmett's Brewing Co. | 2015-2017 | 47-41517-693-REVISED |
| Engine House No. 9 Brewing Co. | 2015-2019 | 47-1419-400 |
| Eureka Heights Brewing Company | 2016-2019 | 47-1619-679R |
| Figueroa Mountain Brewing, LLC | 2018-2022 | 47-1822-1005 |
| Fonta Flora Brewing Co. | 2014-2018 | 47-1418-296 |
| Fonta Flora Brewing Co. | 2014-2018 | 47-1418-389 |
| Fort George Brewery | 2015-2017 | 47-1517-508 |
| Four Corners Brewing | 2016-2020 | 47-1620-870 |
| Four Sons Brewing | 2017-2018 | 47-1718-348 |
| Four Sons Brewing | 2017-2018 | 47-1718-586 |
| Four Sons Brewing | 2016-2019 | 47-1619-504 |
| Freak N' Brewing Company | 2016-2017 | 47-1617-291R |
| Front Range Hop Company | 2013-2018 | 47-1318-428 |
| Front Range Hop Company | 2014-2018 | 47-1418-475 |
| Front Range Hop Company | 2014-2018 | 47-1418-495 |
| Funky Buddha Brewery | 2014-2018 | 47-1418-322 |
| Ghost Train Brewing Co., Inc. | 2016-2018 | 47-1618-938 |
| Goldhorn Brewery | 2014-2017 | 47-1417-506 |
| Goshen Brewing | 2016-2021 | 47-1621-847 |
| Great Basin Brewing Co. | 2015-2017 | 47-1517-533R |
| Great Basin Brewing Co. | 2016-2021 | 47-1621-942 |
| Great Basin Brewing Co. | 2013-2017 | 47-1317-255 |
| Griffin Claw Brewing Company | 2016-2018 | 47-1618-878 |
| Half Moon Bay Brewing Company | 2014-2018 | 47-1317-301 |
| Hardywood Park Craft Brewery | 2013-2017 | 47-1318-298 |
| Hardywood Park Craft Brewery | 2013-2018 | 47-1318-384R |
| Hardywood Park Craft Brewery | 2013-2018 | 47-1418-464R |
| Headlands Brewing Co. | 2013-2018 | 47-1318-299 |
| Headlands Brewing Co. | 2014-2018 | 47-1318-300 |
| Headlands Brewing Co. | 2014-2018 | 47-1418-429 |

WENOKUR RIORDAN PLLC
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

| | | |
|---|---|---|
| Hermitage Brewing Co. | 2014-2018 | 47-1418-339 |
| High Hops Brewery | 2014-2018 | 47-1418-439 |
| High Hops Brewery | 2016-2018 | 47-1618-678 |
| Holy Mountain Brewing Company | 2013-2017 | 47-1317-433 |
| Holy Mountain Brewing Company | 2015-2019 | 47-1419-392A |
| Home Beer Wine Cheese | 2014-2018 | 47-1418-584 |
| Home Beer Wine Cheese | 2015-2018 | 47-1518-694 |
| Home Beer Wine Cheese | 2014-2018 | 47-1418-275 |
| HopHouse Brewing Supply | 2013-2018 | 47-1318-376 |
| HopHouse Brewing Supply | 2013-2018 | 47-1318-379 |
| Hutton & Smith Brewing | 2017-2020 | 483R-1720 |
| Island Brewing Co. | 2015-2020 | 47-1520-820R |
| Kirkwood Station Brewing | 2013-2017 | 47-1317-401 |
| La Cabra Brewing | 2015-2017 | 47-1517-657 |
| La Cabra Brewing | 2016-2018 | 47-1618-770 |
| Lickinghole Creek Craft Brewery | 2013-2017 | 47-1317-349 |
| Lionstone Brewing Co. | 2015-2017 | 47-1517-583 |
| Logboat Brewing Company | 2015-2020 | 47-1617-551R |
| Lord Hobo Brewing Company | 2014-2017 | 47-1417-462 |
| Lost 40 Brewery | 2017-2019 | CBC16-029 |
| Lucky Town Brewing Co. | 2014-2018 | 47-1418-434 |
| Lucky Town Brewing Co. | 2014-2018 | 47-1418-521 |
| Lucky Town Brewing Co. | 2014-2018 | 47-1418-408 |
| Manor Hill Brewing | 2014-2019 | 47-1418-467 |
| Manor Hill Brewing | 2015-2018 | 47-1518-718 |
| Manor Hill Brewing | 2015-2018 | 47-1519-607 |
| McKenzie Brew House | 2016-2018 | 47-1618-943 |
| Modern Times Beer | 2013-2018 | 47-1318-307 |
| Modern Times Beer | 2014-2018 | 47-1418-308 |
| Motorworks Brewing Co. | 2013-2018 | 47-1317-303R |
| Moustache Brewing Co | 2016-2018 | CBC16-040 |
| Mudshark Brewery | 2016-2018 | 47-1618-865 |
| Music City Brew Supply | 2015-2019 | 47-1519-648 |
| New Bohemia Brewing Co. | 2014-2018 | 47-1418-386 |
| New Province Brewing | 2015-2018 | 47-1518-669A |

DEBTOR'S PLAN OF REORGANIZATION

WENOKUR RIORDAN PLLC
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

| | | |
|---|---|---|
| NOLA Brewing Company | 2013-2018 | 47-1318-314 |
| NOLA Brewing Company | 2014-2018 | 47-1418-315 |
| Ocelot Brewing Company | 2016-2018 | 47-1618-763 |
| Ocelot Brewing Company | 2016-2018 | 47-1618-766 |
| Ornery Beer Company | 2015-2017 | 47-1517-576R |
| Osgood Brewing, LLC | 2014-2018 | 47-1418-264B |
| Pabst Brewing Co. | 2015 | Multiple |
| Peter B's BrewPub | 2015-2017 | 47-1517-559 |
| Powerhouse Brewery | 2015-2019 | 47-1519-474 |
| Ratio Beerworks | 2015-2018 | 47-1418-591R |
| Realerevival Brewing | 2014-2018 | 47-1418-332 |
| Realerevival Brewing | 2014-2018 | 47-1418-340 |
| Red Cypress Brewery | 2015-2018 | 47-1518-765 |
| Red Hills Brewing Company | 2015-2018 | 47-1517-701 |
| Red Horn Coffeehouse Brewing Co. | 2017-2019 | CBC16-036 |
| Reformation Brewery | 2015-2017 | 47-15-17-564 |
| Revolver Brewing | 2015-2019 | 47-1416-539 |
| Right Proper Brewing Co. | 2016-2020 | 47-1619-436R |
| Rockingham Brewing Company | 2014-2018 | 47-1418-456 |
| Scott Laboratories Ltd. | 2017-2019 | 47-1719-566 |
| Scott Laboratories Ltd. | 2017-2018 | 47-1718-777 |
| Scottsdale Beer Company | 2014-2019 | 47-1419-412 |
| Scottsdale Beer Company | 2016-2018 | 47-1518-758R |
| Silver City Brewery | 2016-2018 | 47-1618-849 |
| Singlecut Beersmiths | 2015-2020 | 47-1520-859R |
| Six Ten Brewing | 2016-2018 | CBC16-005 |
| Skewed Brewing | 2013-2017 | 47-1317-387 |
| Skewed Brewing | 2013-2017 | 47-1417-431 |
| Skewed Brewing | 2014-2018 | 47-1418-397 |
| Skewed Brewing | 2015-2018 | 47-1518-554 |
| Skewed Brewing | 2013-2017 | 47-1317-281 |
| Skewed Brewing | 2014-2018 | 47-1418-282 |
| Skookum Brewery | 2014-2017 | 47-1417-515 |
| Skookum Brewery | 2015-2020 | 47-1520-746 |
| Skookum Brewery | 2016-2020 | 47-1620-671 |

DEBTOR'S PLAN OF REORGANIZATION

WENOKUR RIORDAN PLLC
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

17-02440-FLK11    Doc 267    Filed 01/12/18    Entered 01/12/18 12:57:42    Pg 19 of 21

| | | |
|---|---|---|
| Skookum Brewery | 2018-2020 | 47-1820-622 |
| Solemn Oath Brewery | 2016-2018 | 47-1618-784 |
| Sound Brewery | 2015-2018 | 47-1518-578R |
| Springfield Brewing Co. | 2013-2017 | 47-1317-323 |
| St. Florian's Brewery | 2013-2017 | 47-1317-294 |
| St. Florian's Brewery | 2014-2018 | 47-1418-404 |
| Stone Brewing Company | 2017 | 47-17-606 |
| Stone Brewing Company | 2014-2018 | 47-1418-316 |
| Stone Brewing Company | 2014-2018 | 47-1418-318 |
| Stone Brewing Company | 2014-2018 | 47-1418-330 |
| Stone Brewing Company | 2014-2018 | 47-1418-350 |
| Stone Brewing Company | 2014-2018 | 47-1420-893 |
| Stone Brewing Company | 2015-2019 | 47-1519-319 |
| Stone Brewing Company | 2015-2020 | 47-1520-550 |
| Straight to Ale | 2013-2017 | 47-1317-321 |
| Straight to Ale | 2015-2017 | 47-1517-604 |
| Take 16 Brewing Company | 2013-2017 | 47-1317-420R |
| TecBeer Com. Distr. Import | 2015 | 47-15-536 |
| TecBeer Com. Distr. Import | 2016-2019 | 47-1619-843 |
| Tenaya Creek Brewery | 2013-2017 | 47-1317-312 |
| Tenaya Creek Brewery | 2014-2018 | 47-1418-313 |
| The Dudes' Brewing Company | 2015-2019 | 47-15-562 |
| The Hourglass Brewery | 2016-2018 | 47-1618-867 |
| The Knuckle Brewing Company | 2016-2018 | 47-1619-894 |
| The Virginia Beer Company | 2015-2021 | 47-1521-842 |
| Three Palms Brewing | 2014-2018 | 47-1418-290 |
| Transmitter Brewing | 2015-2017 | 47-1517-556 |
| Triple C Brewing Co. | 2014-2018 | 47-1418-279 |
| Triple Voodoo Brewery & Tap Room | 2015-2017 | 47-1517-643 |
| Tuckahoe Brewing Company | 2015-2020 | 47-1520-832 |
| Turoni's Main Street Brewery | 2016-2020 | 47-1620-798 |
| Turoni's Main Street Brewery | 2013-2017 | 47-1317-293 |
| Turoni's Main Street Brewery | 2014-2018 | 47-1418-367 |
| Twisted Vine Brewery | 2013-2017 | 47-1317-353 |
| Uinta Brewing | 2013-2018 | 47-1317-354 |

DEBTOR'S PLAN OF REORGANIZATION

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

17-02440-FLK11    Doc 267    Filed 01/12/18    Entered 01/12/18 12:57:42    Pg 20 of 21

| | | |
|---|---|---|
| Unsung Brewing Company | 2015-2018 | 47-1518-825 |
| Urban Growler Brewing Company | 2015-2017 | 47-1517-590 |
| Vancouver Island Brewery | 2013-2017 | 47-1317-287 |
| Vernal Brewing Company | 2015-2017 | 47-1517-682 |
| Wandering Star Brewing Co. | 2013-2017 | 47-1317-302 |
| Wellington Brewery | 2016-2018 | 47-1618-371R3 |
| Wet Coast Brewing Company | 2015-2018 | 47-1518-684 |
| Whalers Brewing Company | 2017 | 851R-17 |
| Whole Foods Market Brewing | 2015-2017 | 47-1517-579 |
| Wicks Brewing Company | 2014-2018 | 47-1418-304R |
| Wicks Brewing Company | 2014-2018 | 47-1418-305 |
| Wicks Brewing Company | 2014-2018 | 47-1418-417R |
| Wicks Brewing Company | 2014-2018 | 47-1518-304A-R |
| Wicks Brewing Company | 2015-2018 | 47-1518-358/Addition |
| Wisconsin Dells Brewing Co. | 2013-2017 | 47-1317-295 |
| Wood Grain Brewing Co. | 2015-2018 | 47-1517-667 |
| Wops Hops Brewing Co. | 2014-2018 | 47-1416-44 |
| Wops Hops Brewing Co. | 2014-2018 | 47-1416-446 |
| Wops Hops Brewing Co. | 2014-2019 | 47-1419-385R |
| Zero Issue Brewing | 2017 | 47-17-897 |
| Zipline Brewing Co. | 2017-2018 | 47-1718-721 |

DEBTOR'S PLAN OF REORGANIZATION

WENOKUR RIORDAN PLLC
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

17-02440-FLK11    Doc 267    Filed 01/12/18    Entered 01/12/18 12:57:42    Pg 21 of 21