Nathan Riordan
WENOKUR RIORDAN PLLC
600 Stewart St, Suite 1300
Seattle, WA 98101
(206) 903-0401

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF WASHINGTON AT YAKIMA**

| | |
|---|---|
| In re:<br><br>47 HOPS LLC,<br><br>Debtor. | No. 17-02440<br><br>DEBTOR'S MEMORANDUM RE: PRESENTMENT OF ORDER GRANTING STONE'S MOTION TO COMPEL |

The Debtor herein, 47 Hops LLC ("Debtor"), through its undersigned attorney, states as follows with respect to the form of order granting Stone Brewing Co.'s Motion to Compel and proposed non-disclosure agreement as follows:

The Debtor's proposed form of protective order is attached hereto as Exhibit A, and the Debtor's proposed form of non-disclosure agreement ("NDA") is attached hereto as Exhibit B.

The Debtor's proposed NDA includes a liquidated damages provision to ensure that the confidentiality of the Debtor's proprietary information will be maintained by Stone's viewers of the Contracts. A liquidated damages provision in no way prohibits disclosure of the Contracts to Stone, nor would it inhibit Stone's ability to propose a competing plan. Such



**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

liquidated damages provision would, it is hoped, effectively prevent Stone from disclosing information in the Contracts that would give Stone—or any other competitor of the Debtor—a distinct market advantage over the Debtor. Columbia Bank is the Debtor's secured lender and is entitled to the information in the Contracts—the Bank is not a competitor. Stone is on record through its attorney that it wants to sell hops to the Debtor's customers. In light of the clear value of the Contracts to the Debtor's competitors, actual damages and attorney's fees for breach of contract, which the Debtor would have to prove, are simply not enough of a deterrent to prevent Stone from using and/or disclosing the Contracts. If Stone has no intention of using and/or disclosing the Contracts to its business advantage, other than to assess their value and possibly file a competing plan, then there is no good reason to not agree to the proposed liquidated damages provision.

In addition, Stone has requested five designated viewers to view the Contracts, but it has articulated no reason as to why five viewers are actually necessary. The Debtor believes that the designation of three individual employees of Stone, in addition to the attorney for Stone, to view the Contracts is more than reasonable and is a sufficient number of viewers for Stone to ascertain the value of the Contracts.

Based on the foregoing, the Debtor requests the Court enter a protective order, and approve an NDA, in the form attached hereto.

DATED August 27, 2018.

WENOKUR RIORDAN PLLC

*/s/ Nathan Riordan*
Nathan Riordan, WSBA # 33926
Attorney for Debtor



**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

17-02440-WLH11 Doc 609 Filed 08/27/18 Entered 08/27/18 19:42:46 Pg 2 of 12

# EXHIBIT A



**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| IN RE:<br><br>47 HOPS, LLC<br><br>Debtor. | Case No. 17-02440-FLK11<br><br>**ORDER GRANTING STONE BREWING'S MOTION TO COMPEL AND GRANTING PROTECTIVE ORDER** |

This matter came on for hearing on August 16, 2018 on Stone Brewing's **("Stone")** Motion to Compel answer to its First Interrogatories and Requests for Production of Documents dated July 27, 2018 Co.'s. The following appearances were made at the hearing: (a) Roger Bailey for Stone; (b) Nathan Riordan for the



**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

Debtor; (c) James Perkins for the United States Trustee; and (d) Jason Ayers for Columbia Bank. Having reviewed the pleadings filed in this matter as well as hearing the argument of counsel, the Court hereby orders as follows:

1. Subject to the terms of this order, Stone's Motion to Compel is hereby granted. The parties have agreed to have this matter heard on shortened time and as such the Court finds shortening time is appropriate.

2. The Debtor shall, within the later to occur of (a) five (5) days of the entry of this Order or (b) receipt of the NDA from each Designated Viewer, provide Stone with full and complete answers to Stone's first interrogatories and requests for production of documents dated July 27, 2018 **("Discovery Requests")**.

3. Certain information provided in response to the Discovery Requests constitutes confidential and proprietary information of the Debtor. Specifically the following information shall be deemed confidential information: (a) copies of any brewer contracts ("Contracts") between 47 Hops and its customers (other than the contract between 47 Hops and Stone Brewing Co.); (b) the identity of 47 Hops' customers ("Customer" or "Customers"); and (c) the association of any information contained in the Contracts with the identity of any Customer **("Confidential Information")**. The Court finds that it is appropriate to limit


WENOKUR RIORDAN PLLC
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

the use and disclosure of the Confidential Information, as provided herein, in order to protect the Debtor's confidential and proprietary information.

4. Stone Brewing Company shall designate not more than three (3) individuals that are employees of Stone Brewing Company (each a "Designated Viewer") to view the Contracts, in addition to Roger Bailey, attorney for Stone Brewing Company. Prior to any disclosures by 47 Hops hereunder, each Designated Viewer shall execute and deliver the NDA described in the next paragraph. In addition to the Designated Viewers, Stone Brewing Company shall execute an NDA. Each Designated Viewer shall receive a set of copies of the Contracts. Each Contract must be returned to 47 Hops upon confirmation of a plan of reorganization by 47 Hops, or upon conversion of 47 Hops Chapter 11 case to a Chapter 7, or upon dismissal of the 47 Hops Chapter 11 case.

5. Any Designated Viewer who reviews the Confidential Information shall, prior to reviewing the Confidential Information, individually execute a non-disclosure agreement ("NDA"), in a form agreeable to the parties or if the parties are unable to agree, in a form ordered by the Court. The NDA shall prevent any Designated Viewer from disclosing the Confidential Information to any other party unless such party is a Designated Viewer and has executed a



**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

non-disclosure agreement pursuant to this Order. All Designated Viewers must be employees of Stone Brewing Company.

6. No Reviewing Party shall directly contact any of the Debtor's Customers to discuss the Confidential Information.

7. The Court reserves the right to amend or modify this order during the course of this case upon application of any party in interest.

/ / / End of Order / / /

/s/ Roger W. Bailey
ROGER W. BAILEY (WSBA 26121)
Bailey & Busey PLLC
Counsel for Stone Brewing Co.



WENOKUR RIORDAN PLLC
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

# EXHIBIT B

**NONDISCLOSURE AND**
**CONFIDENTIALITY AGREEMENT**

This Nondisclosure and Confidentiality Agreement (**"Agreement")** is between ________ ___________________(collectively **"Receiving Party**"), whose business address is ____________________and 47 Hops, LLC (collectively **"Disclosing Party")** having its principal place of business in Yakima, Washington. Receiving Party is the __________________ of Stone Brewing Co.

Disclosing Party has, pursuant to that certain order of the United States Bankruptcy Court dated August ____, 2018 **("Order")**, been ordered, subject to certain terms and conditions contained in the Order, to provide answers **("Discovery Answers")** to interrogatories and requests for production propounded by Stone Brewing Co. to the Disclosing Party **("Discovery Requests")**. As a condition to receiving and reviewing the Discovery Answers, the Order requires the Receiving Party to individually execute this Agreement.

In consideration of the foregoing and the mutual covenants and conditions contained herein, the Parties hereto agree as follows:

1. **Statement of Purpose/Non-Disclosure:** The purpose of this Agreement is to prevent the disclosure and/or use of confidential, sensitive and/or proprietary information exchanged by Disclosing Party to the Receiving Party. Disclosing Party and Receiving Party agree that certain information provided with the Discovery Answers shall be deemed to be confidential and proprietary information of the disclosing party. The portion of the information that is confidential is the following: (a) copies of any brewer contracts between the Disclosing Party and its customers (other than the contract between 47 Hops and Stone Brewing Co.); and (b) the identity of the Disclosing Party's customers **("Confidential Information")**. The quantity, term, price and other terms of the contracts provided by the Disclosing Party shall not

be deemed confidential as they have already been provided to parties involved in the Disclosing Party's bankruptcy proceedings. Notwithstanding the foregoing, the Receiving Party may not use the knowledge of the Disclosing Party's customers and the price, term, quantity, and other terms of the contracts for any reason or purpose other than to assess their value. The Receiving Party specifically acknowledges and agrees that the Confidential Information shall not be released or disclosed to any party who has not executed a non-disclosure agreement pursuant to the Order *except* with the express written consent of the Disclosing Party. The Confidential Information provided pursuant to this Agreement at all times remains the property of the Disclosing Party.

2. **Legal Disclosure:** In the event a Receiving Party is requested or becomes legally compelled (by oral questions, interrogatories, request for information or documents, subpoena, civil investigative demand or similar process) to disclose any Confidential Information, the Receiving Party will provide the Disclosing Party with immediate telephone notice (followed by prompt written notice) so that it may seek a protective order or other appropriate remedy, or waive compliance with the provisions of this Agreement. If such party fails to obtain a protective order then disclosure of the Confidential Information shall not be deemed a violation of this Agreement.

3. **Binding Effect.** This Agreement is binding upon and inures to the benefit of all the parties hereto and their respective successors, assigns, heirs, and personal representatives. Each party specifically acknowledges that the covenants and restrictions contained in this Agreement are reasonable with respect to their scope and duration, and impose no unreasonable restraint upon them.

4. **Governing Law**. Each party agrees that the other party may enjoin any breach or threatened breach of the covenants and restrictions contained in this Agreement. This Agreement shall be governed by and interpreted under the laws of the State of Washington without regard to its choice of law rules. The parties acknowledge that jurisdiction and venue for any legal action hereunder shall be proper in the United States Bankruptcy Court for the Eastern District of Washington.

5. **Irreparable Harm:** Each party agrees that a breach of the Agreement would cause irreparable and immediate harm to the other, and no adequate remedy at law exists for such violation and that the non-breaching party shall be entitled, in addition to damages, to injunctive relief (without the necessity of posting a bond) and indemnification of all the non-breaching party's losses and damages including but not limited to attorney's fees and costs upon any breach by the breaching party. The parties agree that, in addition to any ~~proveable~~provable damages, the Receiving Party shall be automatically liable to the Disclosing Party for the face value of any improperly disclosed or shared brewer contract, due and payable within ten (10) of the improper disclosure or use.

6. **Attorney's Fees.** In addition to the remedies provided in this Agreement or by applicable law, each party agrees to pay all of the reasonable attorneys' fees of the other, as well as all expenses and court costs, for the enforcement, court interpretation, or defense of all provisions of this Agreement, if said party is the substantially prevailing party in a legal action against the other party with respect to any matter relating in any way to this Agreement.

7. **Entire Agreement.** This Agreement and the Order represent the entire Agreement between the parties. Provisions, agreements, or conditions not specifically contained herein shall not be of any binding force or effect. No modification of this Agreement shall be of any effect unless in writing and signed by both parties hereto.

8. **Termination:** The terms of this Agreement shall expire five (5) years after the last date that Confidential Information is exchanged hereunder.

IN WITNESS WHEREOF, the parties executing this Agreement certify that they have the authority to bind their respective employees, officers, directors, successors and assigns and they have executed this Agreement on the date first above written.

**47 HOPS, LLC**



17-02440-WLH11 Doc 609 Filed 08/27/18 Entered 08/27/18 19:42:46 Pg 11 of 12

Date: ____________________

By: ________________________________

Its: ________________________________

**RECEIVING PARTY**

Date: ____________________

By: ________________________________

Printed Name: ________________________

Stone Brewing is a party to this Agreement for the purpose of being jointly and severally liable for any damages arising out of any violation of this Agreement by the Receiving Party.

**STONE BREWING COMPANY**

Date: ________________________________

By: ________________________________

Printed Name: ________________________